BENJAMIN B. WAGNER
United States Attorney
TODD PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2766
Facsimile: (916) 554-2900

**FILED**

MAY 23 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES )
OF AMERICA FOR AUTHORIZATION TO ) CASE NO. 2:13-SW- 355 AC
OBTAIN LOCATION DATA CONCERNING )
CELLULAR TELEPHONES ASSIGNED ) ORDER
TELEPHONE NUMBERS: (626) 482-5341 )
and (916) 705-6760 )
) **UNDER SEAL**
)
)
)
) **SEALED**
)

This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following cellular telephones: of (1) the cellular telephone assigned Telephone Number: (626) 482-5341, Subscriber: "Tamara Alarcon," 3456 La Madera Ave, Apt 3, El Monte, California, believed to be in possession of an unidentified male, a member of a drug trafficking organization, with service provided by Sprint, hereinafter **(TELEPHONE #28)**; the cellular telephone assigned Telephone Number: (916) 705-6760, Subscriber: "Gilberto VILANVEVA," Po Box 54988, Irvine, California, believed to be in possession of an unidentified male, a member of a drug trafficking organization, with service provided by Sprint, hereinafter (**TELEPHONE #29**); including but not limited to E-911 Phase II data (or other precise location information) concerning **TELEPHONE #28** and **TELEPHONE #29** (the "Requested Information")[2] for a period of 30 days.

---

[2] Such information shall, where other information is unavailable, include records reflecting the tower and

1

1  The Court finds that there is probable cause to believe that the Requested Information will
2  constitute or lead to evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846,
3  among other offenses, as well as to the identification of individuals who are engaged in the commission
4  of these offenses. The Court also finds that there is reasonable cause to believe that providing
5  immediate notification of the execution of the warrant may seriously jeopardize an ongoing
6  investigation. Furthermore, the execution of this warrant will not result in the seizure of any tangible
7  property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that
8  the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly
9  authorized by 18 U.S.C. § 2703(c)(1)(A).

10  IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §
11  2703(c)(1)(A)that agents of DEA, beginning at any time within ten (10) days of the date of this Order
12  and for a period not to exceed 30 days, may obtain the Requested Information for **TELEPHONE #28**
13  and **TELEPHONE #29,** with said authority to extend to any time of the day or night as required,
14  including when **TELEPHONE #28** and **TELEPHONE #29** leaves the Eastern District of California; all
15  of said authority being expressly limited to ascertaining the physical location of **TELEPHONE #28** and
16  **TELEPHONE #29**, and expressly excluding the contents of any communications conducted by the
17  user(s) of **TELEPHONE #28** and **TELEPHOEN #29**.

18  It is further ORDERED that Sprint, the service provider for **TELEPHONE #28** and
19  **TELEPHONE #29**, assist agents of the DEA by providing all information, facilities, and technical
20  assistance needed to ascertain the Requested Information, including initiating a signal to determine the
21  location of the subject's mobile device on Sprint's network (or any networks it services or with which it
22  has service contracts) or with such other reference points as may be reasonably available and at such
23  intervals and times as directed by the law enforcement agent serving the order, and furnish the technical
24  assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference

---

26  antenna face ("cell site") used by the TARGET CELL PHONE at the start and end of any call. In
27  requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable case. See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective
28  acquisition of cell-site records under combined authority of 18 U.S.C. 2703 (d) & 3121 et seq.).

1   with such services as Sprint accords the user(s) of **TELEPHONE #28** and **TELEPHONE #29.**

2   It is further ORDERED that the DEA compensate Sprint for reasonable expenses incurred in
3   complying with any such request.

4   It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in
5   support thereof, as they reveal an ongoing investigation, be sealed until further Order of the Court in
6   order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety
7   of agents and others, except that copies of the Court's Order in full or redacted form may be maintained
8   by the United States Attorney's Office, and may be served on Special Agents and other investigative and
9   law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and
10  other government and contract personnel acting under the supervision of such investigative or law
11  enforcement officers, and Sprint's necessary to effectuate the Court's Order.

12  It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days
13  after the termination of the monitoring period authorized by the warrant.

14  It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal
15  Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the
16  monitoring period authorized by the warrant or any extension thereof.

17  It is further ORDERED that Sprint, its affiliates, officers, employees, and agents not disclose the
18  Court's Order or the underlying investigation, until notice is given as provided above.

21  DATED: 5/23/13

HONORABLE ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE